UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR 20  PM 2:25

LORETTA G. WHYTE
CLERK

JAMES EDWARDS and TAMMY GREEN      *      CIVIL ACTION

versus      *      NO. 06-10839

STANDARD FIRE INSURANCE COMPANY,      *      SECTION "F"
FIRST PREMIUM INSURANCE GROUP, INC.,
CHRISTINE RAGUSA, STIEL INSURANCE
SERVICES OF NEW ORLEANS, INC., and
ABC INSURANCE COMPANY

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion is GRANTED.

Hurricane Katrina damaged the plaintiffs' home in New Orleans, Louisiana. The plaintiffs have not been able to settle its insurance claim with Standard Fire amicably, and filed suit in state court against it, their insurance agent, Christine Ragusa, and the insurance agency, Stiel. Standard Fire removed the case to this Court, invoking this Court's diversity jurisdiction because they claim Ragusa and Stiel have been fraudulently joined, and, alternatively, original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1). The plaintiffs now move to remand, arguing that the defendants have not met their burden to show that the in-state defendants have been improperly

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_Z_ CtRmDep_____
___ Doc. No_____

joined and that the parties meet the requirements for diversity jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the majority of the plaintiffs allegations are directed at Standard Fire for arbitrary and capricious failure to pay damages under the policy, primarily because the parties dispute whether the damage was caused by hurricane winds or flood waters.  But the eighth cause of action is directed toward Ragusa and Stiel.  The plaintiffs allege that they requested full coverage under both a flood and a homeowners' insurance policy.  The plaintiffs allege that Ragusa "advised the plaintiffs that the  First Premium and

2

Standard Fire insurance policies would provide full coverage for all damage that might be incurred to the dwelling and its contents and that plaintiffs were fully insured. However, Stiel/Ms. Ragusa obtained far less in dwelling and contents coverage under the First Premium flood policy and the Standard Fire homeowners' plicy than it would have taken to fully insure plaintiffs' home." The plaintiffs further allege that Ragusa represented to them that certain types of losses would be covered that weren't. "Moreover, Stiel/Ms. Ragusa assured plaintiffs that the loss of use/ALE insurance under their homeowner's policy would cover them regardless if their loss of use/ALE was incurred as a result of flooding." These allegations may represent a cause of action under Louisiana law. See Graves v. State Farm Mutual Auto Ins. Co., 821 So.2d 769 (La. App. 2002). Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that the defendants have not met their burden in proving that the plaintiffs have no possibility of recovery against Ragusa or Stiel under Louisiana state law. This Court cannot make a determination on peremption on these facts and cannot state that the plaintiff is without recovery against the in-state defendants.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina.

3

Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident."   See, e.g., <u>Salvaggio v. Safeco Property & Cas. Ins. Co.</u>, 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); <u>Berry v. Allstate Ins. Co.</u>, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); <u>Flint v. La. Farm Bureau Mut. Ins. Co.</u>, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); <u>So. Athletic Club, LLC v. Hanover Ins. Co.</u>, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); <u>Southall v. St. Paul Travelers Ins. Co.</u>, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, March 19, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE